UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN R. H.,[1]<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,[2]<br><br>　　　　Defendant. | Case No. CV 24-7400 PVC<br><br>**MEMORANDUM DECISION AND ORDER** |

Carmen R. H. (Plaintiff) appeals from the final decision of the Commissioner of Social Security (Commissioner or Agency) denying her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The parties consented pursuant to 28 U.S.C. § 636(c) to the jurisdiction of the undersigned United States Magistrate Judge. (Dkt. Nos. 6–8). On November 4, 2024, the Commissioner answered the Complaint, which was limited to filing the Administrative Record. ("AR," Dkt. No.

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Frank Bisignano, Commissioner of Social Security, is substituted for his predecessor. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

10).  On December 2, 2024, Plaintiff filed her opening brief in support of her request for remand.  ("Pl. Br.," Dkt. No. 11).  On January 15, 2025, Defendant filed his opposition brief.  ("Def. Br.," Dkt. No. 15).

For the reasons stated below, the decision of the Commissioner is REVERSED, and this case is REMANDED for further administrative proceedings consistent with this decision.

## I.

## PROCEDURAL HISTORY

In January 2021, Plaintiff applied for DIB and SSI, alleging disability beginning October 1, 2020.  (AR 89, 236–49).  The Commissioner denied the applications initially and upon reconsideration.  (AR 81–116).  On September 19, 2023, an Administrative Law Judge (ALJ) conducted a telephonic hearing at which Plaintiff, accompanied by an attorney, appeared and testified along with a vocational expert (VE).  (AR 44–80).

On October 2, 2023, the ALJ issued an adverse decision.  (AR 30–39).  At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 1, 2020, the alleged onset date.  (AR 32).  At step two, the ALJ found that Plaintiff's post-traumatic stress disorder (PTSD), depression, and anxiety are severe impairments.  (AR 32).  At step three, the ALJ determined Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of any of the listings enumerated in the regulations.  (AR 33–35).

The ALJ then assessed Plaintiff's residual functional capacity (RFC) and concluded that she can perform a full range of work at all exertional levels but with the following nonexertional limitations: "simple instructions; simple, routine tasks; no quota

2

production pace work; off task 5 percent of the time; occasional interaction with the public, coworkers, and supervisors; and occasional changes in a routine work setting." (AR 35–36). At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR 37). At step five, based on Plaintiff's RFC, age, education, work experience, and the VE's testimony, the ALJ found that there are jobs that exist in significant numbers in the national economy which Plaintiff can perform, including marker, floor waxer, commercial cleaner, and housekeeper. (AR 37–38). Accordingly, the ALJ found that Plaintiff was not under a disability from October 1, 2020, through the date of his decision. (AR 38–39).

Plaintiff requested review of the ALJ's decision, which the Appeals Council denied on July 1, 2024. (AR 1–6). This action followed on August 29, 2024. (Dkt. No. 1).

## II.
## ISSUES PRESENTED

On appeal, Plaintiff raises two issues: (1) whether the ALJ's RFC determination was supported by substantial evidence; and (2) whether the ALJ provided clear and convincing reasons for rejecting Plaintiff's subjective limitations. (Pl. Br. at 4, 8).

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. "[The] court may set aside the Commissioner's denial of benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *see Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). "Substantial evidence is more than

a scintilla, but less than a preponderance." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Id.*; *accord Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023). To determine whether substantial evidence supports the Agency's findings, the court must review "*all* the pages of the ALJ's decision," *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022), "weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion," *Aukland*, 257 F.3d at 1035 (citation omitted). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. *Reddick*, 157 F.3d at 720–21.

## IV.

## DISCUSSION

### A. Plaintiff's Subjective Statements

In February 2021, Plaintiff alleged disability due to PTSD and anxiety. (AR 271). In a February 2021 Adult Function Report, she asserted an inability to work due to panic attacks, memory loss, night terrors, trouble concentrating, trust issues, and social anxiety. (AR 286). She is sensitive to bright lights and loud noises. (AR 286). She can care for her two children and herself, prepare meals, and complete household chores. (AR 287–288). She can drive, go out alone, and shop in stores. (AR 289). Friends and family trigger her PTSD and anxiety. (AR 290). Plaintiff's conditions affect her ability to talk, remember, complete tasks, concentrate, understand and follow instructions, and get along with others. (AR 291). She is unable to handle stress. (AR 292).

At her February 2023 hearing, Plaintiff testified that she is unable to work due to anxiety, PTSD, trauma, depression, and insomnia. (AR 53–54). She has trouble thinking

clearly, focusing, remembering, and concentrating. (AR 55). When she experiences PTSD episodes, she is physically, emotionally, and mentally exhausted, causing problems with self-care. (AR 61). Plaintiff has trouble sleeping due to nightmares and sleep disturbances. (AR 68). She experiences flashbacks daily of abuse by her ex-husband, causing panic attacks and blurred vision lasting 30–45 minutes. (AR 68, 70–71, 73). She has trouble interacting with people, especially men. (AR 71). She no longer can shop in stores, preferring instead to shop online. (AR 63). While Plaintiff can drive, she does not own a car. (AR 64).

### B. Applicable Legal Principles

While "an individual's statements of symptoms alone are not enough to establish the existence of a physical or mental impairment or disability, … if an individual alleges impairment-related symptoms, [the Agency] must evaluate those symptoms." SSR 16-3p, 2017 WL 5180304, at *2.[3] When assessing a claimant's subjective symptom statements, the ALJ engages in a two-step analysis. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). Critically, "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2017 WL 5180304, at *2. Instead, the ALJ must first determine if there is medical evidence of an impairment that could reasonably produce the symptoms alleged. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "In this analysis, the claimant is *not* required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Id.* (citation omitted). "Nor must a claimant produce objective medical evidence of the pain or fatigue itself, or the severity thereof." *Id.* (citation omitted).

---

[3] SSR 16-3p applies to decisions made on or after March 28, 2016. SSR 16-3p, 2017 WL 5180304, at *1.

1    If the claimant satisfies this first step, the ALJ must "evaluate the intensity and
2 persistence of those symptoms to determine the extent to which the symptoms limit an
3 individual's ability to perform work-related activities." SSR 16-3p, 2017 WL 5180304, at
4 *3. If there is no evidence of malingering, the ALJ must provide specific, clear and
5 convincing reasons for rejecting the claimant's testimony about the symptom severity.
6 *Trevizo*, 871 F.3d at 678 (citation omitted); *see also Robbins v. Soc. Sec. Admin.*, 466 F.3d
7 880, 883 (9th Cir. 2006) ("[U]nless an ALJ makes a finding of malingering based on
8 affirmative evidence thereof, he or she may only find an applicant not credible by making
9 specific findings as to credibility and stating clear and convincing reasons for each.");
10 *Smolen*, 80 F.3d at 1284 ("[T]he ALJ may reject the claimant's testimony regarding the
11 severity of her symptoms only if he makes specific findings stating clear and convincing
12 reasons for doing so."). "This is not an easy requirement to meet: The clear and
13 convincing standard is the most demanding required in Social Security cases." *Garrison*,
14 759 F.3d at 1015 (citation omitted).

16    Further, "a claimant's testimony regarding the severity of subjective symptoms can
17 only be disregarded when the ALJ specifies which testimony she finds not credible, and
18 then provides clear and convincing reasons, supported by evidence in the record, to
19 support that credibility determination." *Smith v. Kijakazi*, 14 F.4th 1108, 1113 (9th Cir.
20 2021) (citation omitted). The Ninth Circuit has described the specific finding required:

22    [A]n ALJ does not provide specific, clear, and convincing reasons for
23    rejecting a claimant's testimony by simply reciting the medical evidence in
24    support of his or her residual functional capacity determination. To ensure
25    that [a federal court's] review of the ALJ's credibility determination is
26    meaningful, and that the claimant's testimony is not rejected arbitrarily, [the
27    Ninth Circuit] require[s] the ALJ to specify which testimony she finds not

|   |   |
|---|---|
| 1 | credible, and then provide clear and convincing reasons, supported by |
| 2 | evidence in the record, to support that credibility determination. |

*Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015); *accord Smith*, 14 F.4th at 1112.  Accordingly, the ALJ's decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms."  SSR 16-3p, 2017 WL 5180304, at *10.  "Ultimately, the 'clear and convincing' standard requires an ALJ to show his work …."  *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).  "If the ALJ fails to provide specific, clear, and convincing reasons for discounting the claimant's subjective symptom testimony, then the ALJ's determination is not supported by substantial evidence."  *Ferguson v. O'Malley*, 95 F.4th 1194, 1199 (9th Cir. 2024).

### C. **Analysis**

The ALJ found that Plaintiff's PTSD, depression, and anxiety are severe impairments (AR 32), and the ALJ made no affirmative finding of malingering.  Instead, the ALJ found that "[Plaintiff's] medically determinable impairments could reasonably be expected to cause the above-alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR 36).  But as the Ninth Circuit has regularly admonished the Agency, "boilerplate language of this sort fails to inform a reviewing court of the specific evidence the ALJ considered in determining that [the] claimant's complaints were not credible, and furthermore, it fails to inform a reviewing court as to which portions of [the claimant's] testimony were credited and which portions were not."

*Tudor v. Saul*, 484 F. Supp. 3d 717, 728 (N.D. Cal. 2020) (citing *Laborin v. Berryhill*, 867 F.3d 1151, 1154–55 (9th Cir. 2017), and *Brown-Hunter*, 806 F.3d at 489, 494).

The ALJ did not clearly explain his reasons for discounting Plaintiff's subjective statement testimony. *See* SSR 16-3p, 2017 WL 5180304, at *10 (requiring the ALJ to *clearly* articulate his reasoning "so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms"). Indeed, the ALJ did not even discuss Plaintiff's February 2023 hearing testimony. Instead, in a single, short paragraph, the ALJ summarily concluded:

> As for [Plaintiff's] statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent. [Plaintiff] alleges that she is incapable of working due to her mental conditions. However, she also reports that she is able to cook, clean, shop, drive, and care for her 2 children. Mental status examinations were generally within normal limits and do not reflect findings that [Plaintiff] is incapable of work.

(AR 36) (citations omitted). But the ALJ does not clearly explain which statements are inconsistent or how they undermine Plaintiff's testimony. And even giving the ALJ the benefit of the doubt, his reasons and reasoning are not supported by substantial evidence.

The ALJ concluded that Plaintiff's ability to cook, clean, shop, drive, and care for her 2 children was "inconsistent" with her alleged mental limitations. (AR 36). But "ALJs must be especially cautious in concluding that daily activities are inconsistent with [a claimant's subjective statements], because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison*, 759 F.3d at 1016. Thus, an ALJ may rely on a claimant's daily activities to discount subjective statements *only*

8

when those activities either (1) "contradict" the claimant's testimony or (2) "meet the threshold for transferable work skills," *i.e.*, where the claimant "is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citation omitted); *accord Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014).

Here, Plaintiff's daily activities do not contradict her subjective statements. While Plaintiff is *able* to drive, she does not own a car and takes an Uber or Lyft when she needs to leave her home. (AR 64–65). This is *consistent* with her testimony that because of her PTSD and frequent panic attacks, she avoids public contacts, especially men. (AR 71). Similarly, she does not shop in stores; instead, she shops online. (AR 63). And Plaintiff does not undermine the severity of her mental impairments by doing what she can to care for her two young children. *See Hall v. Comm'r of Soc. Sec. Admin.*, No. CV-21-00553-TUC-JGZ, 2023 WL 2624473, at *3 (D. Ariz. Mar. 24, 2023) ("Hall does not disprove the reported severity of her mental and physical impairments by caring for her family, especially her young grandchildren, who protective services placed in her care. Under these circumstances and regardless of the severity of her impairments, Hall may still attempt to care for her family, and her efforts to do so should not be used to discredit her.") (citing *Gentle v. Barnhart*, 430 F.3d 865, 867 (7th Cir. 2005) ("Gentle must take care of her children, or else abandon them to foster care or perhaps her sister, and the choice may impel her to heroic efforts.")). That Plaintiff can engage in these basic activities does not mean that she can work eight hours on an everyday basis. *See Ghanim*, 763 F.3d at 1165 ("[T]here is no indication here that the limited activities Ghanim engaged in, often with the help of a friend, either comprised a 'substantial' portion of Ghanim's day[ ] or were 'transferrable' to a work environment."). Thus, Plaintiff's daily activities neither contradict her testimony nor meet the threshold for fulltime work. *See Smith*, 14 F.4th at 1114 (finding that "record evidence concerning Smith's daily activities

neither contradicts his testimony nor meets the threshold for full-time work, the two grounds we have recognized for using daily activities to form a basis of an adverse credibility determination").

Finally, the ALJ found that Plaintiff's "normal" mental status examinations were inconsistent with her subjective statements. (AR 36, citing *id.* 485–560). But while these mental status examinations were generally within normal limits, they also invariably noted that Plaintiff was suffering from anxiety, PTSD, insomnia, and depression. (*E.g.*, AR 484, 485, 487, 488, 490, 492, 494). Indeed, her treating source noted that "[Plaintiff] currently meets criteria to obtain a dx of PTSD due to confirming experiencing flashbacks, feels like she is going through the attack at times, experiencing heart palpitations, racing thoughts with increased hypervigilance due to being choked by her husband." (AR 490). These findings are not "normal." As one court explained in rejecting an ALJ's similar reliance on normal mental status examinations to find a medical source unpersuasive:

> The findings to which the ALJ, cites, however, do not seem "generally normal"—unless consistent diagnoses of major depressive disorder, generalized anxiety disorder, and/or PTSD are considered "generally normal." Further, it is unclear to the undersigned how Plaintiff's "mood and affect disturbances" can be differentiated from her underlying diagnoses. Depression and anxiety are certainly conditions that affect an individual's mood and affect. As such, Plaintiff's "anxious" or "sad" mood and "weepy," "expansive," or "limited" affect seem part and parcel with her underlying conditions. Thus, it is not altogether clear how Plaintiff could have both "mood and affect disturbances" and "generally normal findings."

*Emily S. v. Kijakazi*, No. 22-CV-01331-RMI, 2023 WL 3805257, at *8 (N.D. Cal. June 1, 2023) (citation omitted); *accord Isaiah J. B. v. Kijakazi*, No. ED CV 22-01483-AS, 2023

WL 5208812, at *10 (C.D. Cal. Aug. 11, 2023) (collecting cases). The ALJ must consider all evidence and cannot disregard relevant records. 20 C.F.R. §§ 404.1529(a), 404.1545(a)(1); *see Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) ("In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, inter alia, medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.") (citation omitted); *accord Werlein v. Berryhill*, 725 F. App'x 534, 535 (9th Cir. 2018). And even if the ALJ's evaluation of the medical evidence was clear and convincing—which it was not—inconsistencies with the objective medical evidence cannot be the *sole* ground for rejecting a claimant's subjective statements. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) ("Once the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the claimant's allegations."); SSR 16-3p, 2017 WL 5180304, at *5 ("We will not evaluate an individual's symptoms based solely on objective medical evidence unless that objective medical evidence supports a finding that the individual is disabled.").

Accordingly, the Court concludes that the ALJ did not provide specific, clear, and convincing reasons, supported by substantial evidence, for discounting Plaintiff's subjective symptom statements, and remand is therefore warranted.[4]

---

[4] Plaintiff also argues that the ALJ erred in evaluating her RFC and the medical opinions. (Pl. Br. at 4–8). However, it is unnecessary to reach Plaintiff's arguments on these grounds, as the matter is remanded for the alternative reason discussed at length in this Decision. Nevertheless, on remand, the Agency shall consider all relevant evidence, including the medical opinions, in assessing Plaintiff's RFC.

## V.

## CONCLUSION

Accordingly, IT IS ORDERED that Judgment be entered **REVERSING** the decision of the Commissioner and **REMANDING** the matter for further proceedings consistent with this decision.

DATE: September 11, 2025

_____
PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE